Marc A. SCHUMANN, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 46A04–0806–CR–340.

Court of Appeals of Indiana.

Feb. 6, 2009.

Donald W. Pagos, Michigan City, IN, attorney for appellant.

Gregory F. Zoeller, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, IN, attorneys for appellee.

## OPINION

BAKER, Chief Judge.

Appellant-defendant Marc A. Schumann appeals the ten-year sentence that was imposed following his guilty plea to Arson,[1] a class B felony. Specifically, Schumann maintains that the sentence is inappropriate because the record demonstrates that the parties and the trial court originally intended that he would serve a portion of the sentence with the Indiana Department of Mental Health (DMH). However, because the trial court ultimately determined that Schumann was to serve his entire executed sentence in the Indiana Department of Correction (DOC), he maintains that we should "exercise [our] authority to revise [the] sentence and enter a . . . sentence of ten years or less, fully suspended." Appellant's Br. p. 10. Finding no error, we affirm the judgment of the trial court.

1. Ind.Code § 35–43–1–1.

## FACTS

On July 3, 2007, Schumann was standing near the residence of Janice Russell in Michigan City. During the sentencing hearing, Schumann stated

I had a gas can, lighter, and cloth. I poured a small amount of gasoline on the deck. Then I used a lighter and cloth to start a fire. Then I used that cloth towel to put out small amount of fire. I then put the gas can, lighter, and cloth in the car. Next I walked back in the yard and I was there for forty minutes. At 3:00 a.m. when Jan woke up, I stood there screaming and yelling at her for about 10 minutes. No one seen me set the fire.

Appellant's App. p. 30–32, 60.

As a result of the incident, Schumann was charged with arson as a class B felony. Thereafter, on July 18, 2007, Schumann filed a notice of insanity defense and requested an evaluation of his competency to stand trial. Two evaluators formed the opinion that Schumann was not insane at the time of the offense. One expert diagnosed Schumann with impulse control disorder and a history of intermittent explosive disorder. An independent report submitted by Schumann determined that he suffered from intermittent explosive disorder and Asperger's Syndrome.[2]

On February 14, 2008, Schumann pleaded guilty but mentally ill pursuant to a plea agreement negotiated with the State. The agreement provided that in exchange for the guilty plea, Schumann's total sentence would be "capped" at ten years and the executed portion of the sentence would be "capped" at six years.[3] Appellant's App. p. 9.

At the sentencing hearing, the State asked the trial court to place Schumann at the DMH, noting that while some sort of incarceration was appropriate, it did not believe that Schumann would benefit from a direct commitment to the DOC. More specifically, the State requested that Schumann initially be placed in the DMH for treatment, and then—after completion of the treatment—that he be placed in the DOC to complete the remainder of his sentence.

Following the sentencing hearing, the trial court issued the following order on May 1, 2008:

The defendant pled guilty but mentally ill in this case, admitting his guilt and saving the time and expense of trial. The defendant has significant mental health problems and has been diagnosed with Asperger Syndrome. The parties agree that the defendant should be committed to the Department of Mental Health. The defendant argues that upon release from the Department of Mental Health, he should be placed on electronic monitoring. His criminal history is limited. The defendant has been in anger management classes at the local community mental health center, and his doctor has reported that he has made some progress in addressing this issue.

The Court finds that defendant has significant anger control issues. He testified about his employment history and serious problems he has had with co-workers and with authority figures. He openly and honestly admitted that in the past, he has thought about such things as hitting a co-worker in the knees with

2. Asperger's Syndrome is considered a higher-level functioning form of an Autistic Disorder. Appellant's App. p. 72.

3. The advisory sentence for a class B felony is ten years, the minimum is six years, and the maximum sentence is twenty years. Ind. Code § 35–50–2–5.

a metal rod, and purchasing a gun and shooting or "blowing away" several former supervisors. In this case, the defendant actually acted out on his anger and set fire on the porch of the house of a former friend with whom he was upset. Defendant testified that although he knows that his actions are wrong, he is often unable to control his anger.

It is therefore, ordered, adjudged and decreed by the Court that the Defendant ... shall be sentenced to the [DOC] for classification and confinement for a determinate period of ten (10) years, with the last four (4) years suspended, and defendant placed on supervised probation. The executed portion of the defendant's sentence shall be served at the [DMH]. Upon the defendant's release from the [DMH], the defendant shall serve the rest of his executed sentence in the [DOC].

*Id.* at 11–12.

On May 28, 2008, Schumann filed a notice of appeal. The trial court conducted a hearing the next day, at which time it informed the parties that it lacked the authority to commit Schumann directly to the DMH. Indeed, the DMH would not accept Schumann because he had a sentence pending in the DOC. Although the trial court affirmed that Schumann would have to serve his commitment in the DOC, it suggested that Schumann file a motion for shock probation after serving one year of incarceration in the DOC.

Thereafter, Schumann filed a petition for post-conviction relief, requesting that his guilty plea be set aside. Although a

hearing was held on Schumann's petition, the matter was not resolved.

## DISCUSSION AND DECISION

■ Schumann contends that his sentence is inappropriate because, although the parties agreed and intended for him to serve a portion of his sentence with the DMH, he is not actually doing so. Therefore, Schumann contends that an executed sentence in the DOC is inappropriate and we should revise the sentence and order a fully-suspended sentence with psychiatric counseling as a condition of probation.

At the outset, we note that the validity of Schumann's guilty plea may, indeed, be problematic. However, because Schumann is only challenging the appropriateness of his sentence under Indiana Appellate Rule 7(B) in this appeal, our review is limited to that claim.[4]

■ In reviewing the appropriateness of a sentence pursuant to Indiana Appellate Rule 7(B), we examine both the nature of the offense and the defendant's character. *Payton v. State,* 818 N.E.2d 493, 498 (Ind.Ct.App.2004). We may look to any factors appearing in the record to conduct the examination. *Roney v. State,* 872 N.E.2d 192, 206 (Ind.Ct.App.2007), *trans. denied.* We generally defer to the trial court, and the burden is on the defendant to persuade us that his sentence is inappropriate. *Taylor v. State,* 891 N.E.2d 155, 162 (Ind.Ct.App.2008), *trans. denied.*

With regard to the nature of the offense, the record demonstrates that at approximately 3:00 a.m., Schumann used gasoline to set fire to Russell's porch because he was angry with her. Appellant's App. p.

---

4. To the extent that Schumann contends that he did not enter his plea agreement knowingly and voluntarily because he was allegedly induced to plead by the unwritten promise of the benefit of a commitment to the DMH, that claim is properly brought in the context of his

post-conviction relief action. *See Tumulty v. State,* 666 N.E.2d 394, 395–96 (Ind.1996) (holding that as a general rule, challenges to the validity of a guilty plea may not be brought on direct appeal).

30, 31, 60. When Russell left the house and confronted Schumann, he shouted obscenities at her for nearly ten minutes. *Id.*

Turning to Schumann's character, it is apparent that the State and the trial court agreed that Schumann should serve an executed sentence for the commission of the offense. However, the trial court's order and the evidence presented at the sentencing hearing reveal that the State and the trial court agreed with Schumann that he should receive treatment for his mental health problems, even though two mental health evaluators concluded that Schumann was sane at the time of the offense and was competent to stand trial. *Id.* at 66–67, 70–71. Although Schumann suffers from a personality disorder, his angry and vengeful character is apparent from the record. In our view, Schumann's compilation of a "hit list" for those he claims wronged him and the violent fantasies he entertains about them are especially troublesome in light of the fact that he chose to act out one of his revenge fantasies.

We also note that even though the trial court did not have the authority to ensure a particular method of mental health treatment that Schumann should be afforded, the DOC has both the duty and the facilities to care for mentally ill offenders. I.C. § 11–10–4 et seq. In light of his plea, Schumann will be properly screened, evaluated, and cared for by the DOC. Ind. Code § 35–36–2–5[5]; *Georgopulos v. State,* 735 N.E.2d 1138, 1141 (Ind.2000).

In light of the above, we find that the nature of the offense and Schumann's character justified the trial court's imposition of the ten-year sentence. Thus, we decline to set aside Schumann's sentence.

The judgment of the trial court is affirmed.

NAJAM, J., and KIRSCH, J., concur.

---

5. Indiana Code section 35–36–2–5(a)–(c) provides that

    (a) Except as provided by subsection (e), whenever a defendant is found guilty but mentally ill at the time of the crime or enters a plea to that effect that is accepted by the court, the court shall sentence the defendant in the same manner as a defendant found guilty of the offense.

    (b) Before sentencing the defendant under subsection (a), the court shall require the defendant to be evaluated by a physician licensed under IC 25–22.5 who practices psychiatric medicine, a licensed psychologist, or a community mental health center (as defined in IC 12–7–2–38). However, the court may waive this requirement if the defendant was evaluated by a physician licensed under IC 25–22.5 who practices psychiatric medicine, a licensed psychologist, or a community mental health center and the evaluation is contained in the record of the defendant's trial or plea agreement hearing.

    (c) If a defendant who is found guilty but mentally ill at the time of the crime is committed to the department of correction, *the defendant shall be further evaluated and then treated in such a manner as is psychiatrically indicated for the defendant's mental illness.* Treatment may be provided by:

    (1) the department of correction; or

    (2) the division of mental health and addiction after transfer under IC 11–10–4.

(Emphasis supplied).