**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 14 2012, 9:20 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JILL M. DENMAN**
Matheny Hahn Denman & Nix, L.L.P.
Huntington, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW R. FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BILLY D. TAYLOR, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  85A02-1112-CR-1195 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WABASH CIRCUIT COURT
The Honorable Robert R. McCallen, Judge
Cause No.  85C01-1104-FD-293

**August 14, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Senior Judge**

## STATEMENT OF THE CASE

Billy D. Taylor, Jr. appeals the sentence imposed after he pled guilty to failure to comply with conditions related to his status as a sex offender.

We affirm.

## ISSUE

Whether the two-year sentence imposed by the trial court is inappropriate.

## FACTS

In 2009, Taylor was convicted of sexual misconduct with a minor, a class C felony. As part of his sentence, Taylor was ordered to register as a sex offender, and he did so in August of 2010. At the time he registered, Taylor was given a "Sex or Violent Offender Registration Form" that listed the requirements for all sex or violent offenders. One of the requirements stated that that "[i]f you change your principal address . . . you must report IN-PERSON to each Sheriff's Department having jurisdiction over [the address] within 3 days of arriving in that county or counties." (App. 82).

On October 21, 2010, Taylor reported a change of address to the Sheriff's Department and informed the department that his new address was 273 Falls Avenue, Wabash, Indiana. On April 2, 2011, two law enforcement officers attempted to serve an arrest warrant on Taylor at the listed addressed. The officers were informed that Taylor

had not lived at the address since February of 2011. Taylor was eventually located at his Mother's house.

The State charged Taylor with failing to register as a sex offender, a class D felony.[1] (App. 32). The State also "charged" Taylor with failing "to reside at the sex offender's registered address or location."[2] *Id.* Taylor pled guilty, and a sentencing hearing was held.

At the sentencing hearing, Taylor's counsel stated that Taylor had lost his job, was evicted from his reported address, and had to move in with his mother. Taylor's counsel further stated that Taylor left a voicemail with the Sheriff's Department to report his change of address.

The State requested a two-year sentence due to Taylor's criminal record, while Taylor requested the trial court impose a one and a half year sentence with nine months suspended. The trial court found that Taylor's guilty plea and his prospects for future employment were mitigating factors. The trial court noted Taylor's criminal record as an aggravator, but it was most concerned by Taylor's previous failures to comply with terms of probation. The trial court imposed a two-year sentence to be served consecutive to a sentence in Miami County.

---

[1] Ind. Code § 11-8-8-17(a).

[2] It appears that this "charge" merely reiterates the condition stated in I.C. § 11-8-8-11

3

Taylor contends that the two-year sentence is inappropriate. He argues that he is "not the worst type of offender and [does] not deserve to have a non-suspended enhanced sentence of two (2) years." Taylor's Br. at 6. He also argues that the facts illustrate that there was nothing particularly egregious about his offense, as he did take action to inform the Sheriff's Department of his new address. Taylor notes the mitigating circumstances cited by the trial court, and he contends that his criminal record—consisting of three misdemeanors and the class C felony sexual misconduct with a minor—is "relatively minor." *Id*.

The revision of a sentence is authorized by the Indiana Constitution through Indiana Appellate Rule 7(B), which provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In determining the appropriateness of a sentence, a court of review may consider any factors appearing in the record. *Schumann v. State*, 900 N.E.2d 495, 497 (Ind. Ct. App. 2009). The "nature of the offense" portion of the appropriateness review begins with the advisory sentence. *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g by Anglemyer v. State*, 875 N.E.2d 218 (Ind. 2007); *Richardson v. State*, 906 N.E.2d 241, 247 (Ind. Ct. App. 2009). The "character of the offender" portion of the sentence review refers to general sentencing considerations and the relevant

aggravating and mitigating circumstances. *Major v. State*, 873 N.E.2d 1120, 1130 (Ind. Ct. App. 2007), *trans. denied*. A defendant bears the burden of persuading us that his sentence is inappropriate in light of both the nature of the offense and his character. *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008).

Indiana Code section 11-8-8-17(a) provides that a sex offender commits a class D felony when he knowingly or intentionally does not reside at his registered address. Indiana Code section 11-8-8-11 requires that a sex offender who changes his principal residence to report in person "to the local law enforcement authority having jurisdiction over the sex offenders . . . current principal address." Indiana Code section 35-50-2-7 provides that a person who commits a class D felony "shall be imprisoned for a fixed term of between six (6) months and three (3) years, with the advisory sentence being one and one-half (1 ½) years." Here, Taylor admitted that he did not live at the registered address and failed to make an in-person report of his change of address. However, he did inform the Sheriff's Department by telephone of his change of address. The trial court made no finding that would support enhancement based solely upon the nature of the offense.

With regard to the character of the offender, the trial court found that Taylor had failed in other cases to abide by the conditions of probation. Indeed, the record reveals that (1) Taylor's current offense is a violation of a condition of his current probation; (2) he violated probation on at least two other occasions; and (3) four petitions to revoke

5

probation have been filed against Taylor in total. (App. 63). Apparently, the trial court concluded that despite the guilty plea and Taylor's chances of obtaining immediate employment, a six-month enhancement was necessary to assist Taylor in learning the importance of complying with the conditions imposed upon his post-imprisonment activities. Furthermore, even though Taylor claimed that he achieved a "GED with honors," there is a notable lack of documentary evidence in the record by Taylor to support his claim. In fact, a counselor from Taylor's high school stated to the probation officer who prepared the Presentence Investigation Report that there is no record that he completed high school or a GED program.

It is not within our discretion to determine whether another sentence is more appropriate but rather "whether the sentence imposed is inappropriate." *See King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). Given Taylor's prior failures to comply with post-imprisonment conditions, we cannot say that the trial court's six-month enhancement renders Taylor's sentence inappropriate.

Affirmed.

NAJAM, J., concurs.

RILEY, J., dissents with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BILLY D. TAYLOR, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 85A02-1112-CR-1195 |
| | ) | |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

**RILEY, Judge, dissenting**

I respectfully dissent from the majority's decision to affirm the trial court's imposition of Taylor's two-year sentence. As noted, pursuant to Indiana Appellate Rule 7(B), we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the court finds that the sentence is inappropriate in light of the

7

nature of the offense and the character of the offender. Under the circumstances before me, I conclude that Taylor's sentence is inappropriate.

Taylor's offense is failing to register as a sex offender, a Class D felony. While Taylor does not proclaim his innocence in this regard, he also did not intentionally hide from the police. After losing his job, being evicted from his home, becoming depressed, and moving into his mother's residence, he tried to comply with the registration requirement by calling the sheriff's department and leaving a voice mail with his changed address. By pleading guilty to the charge, he did not waste judicial resources.

Taylor's criminal history is minimal. Besides the Class D felony sexual battery, which provided the basis for the registration requirement, he has been convicted of three misdemeanors, unrelated in nature to the present conviction. While he was incarcerated for the Class D felony, he earned his GED with honors and received a shining star certificate. He has been sober for three years and has turned his life around, with a prospective employment at Metal Source to support his family. In light of all the progress Taylor has made in the previous years, incarceration for an offense—which was clearly not intentionally committed—would serve no purpose. I would reduce Taylor's sentence to one and one-half years with nine months suspended.