**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DONALD C. SWANSON, JR.**
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAMON T. PAYNE, SR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A04-1204-CR-190 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy W. Davis, Judge
Cause No. 02D05-1111-FD-1483

**September 4, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Senior Judge**

## STATEMENT OF THE CASE

Damon T. Payne, Sr. appeals the sentence imposed by the trial court on three counts of class D felony theft.[1]

We affirm.

## ISSUE

Whether the imposed sentence is inappropriate.

## FACTS[2]

On October 18, 2011, William Tindall and Ruth Contreras arrived at a department store, parked their vehicle, and went into the store. Approximately one half hour later, William returned and saw that the driver's side front window of the vehicle had been shattered and a black computer bag had been taken. The bag contained a CD/MP3 player, a GPS device, two chargers, and a wallet containing the driver's license of Maria Contreras. William and Ruth immediately reported the theft and spoke with Police Officer James Chambers.

Officer Chambers was in the area because he had been alerted that a "suspicious person" was lurking near the department store. (App. 3). David Nicholson, who reported the "suspicious person," gave a description of the person, later identified as Payne, and

---

[1] Ind. Code § 35-43-4-2(a).

[2] Payne pled guilty to the theft offenses; however, his guilty plea hearing was not recorded. At his sentencing hearing, Payne acknowledged that the facts stated in the probable cause affidavit were accurate. Accordingly, our statement of facts is premised on the aforementioned affidavit.

2

followed him to a Fort Wayne address. *Id*. Officer Chambers went to that address and located Payne.

At some point, Officer Chambers spoke with Jehova Solis, who had seen Payne standing outside Nicholson's vehicle holding Nicholson's gym bag. Solis, upon seeing Payne, chased him, and Payne dropped Nicholson's gym bag. Premier Rental later reported that $1,800 had been stolen from a bank deposit bag in Nicholson's vehicle. Officer Chambers arrested Payne, who possessed a black computer bag containing the items identified by William and Ruth as being stolen from their vehicle.

The State charged Payne with three counts of class D felony theft and alleged that he was a habitual offender. On March 1, 2012, Payne pled guilty to the theft charges, and the State withdrew the habitual offender allegation. At the sentencing hearing, the trial court found the following aggravators: (1) Payne's criminal history; (2) the revocation of former rehabilitative programs, including probation; and (3) his high risk to re-offend. The trial court found the following mitigators during the sentencing hearing: Payne had four dependent children, and he was a former Marine. In its written sentencing order, the trial court found as a mitigating circumstance that Payne had pled guilty.

The trial court imposed sentences of two and one-half years incarceration, with the sentences to run concurrently. The trial court suspended one and one-half years to probation. Payne now appeals.

DECISION

Payne contends that the sentence imposed by the trial court is inappropriate. He claims that the trial court "did not properly weigh the[] mitigating factors in Defendant's favor at sentencing." Payne's Br. at 3. He further contends that the trial court did not properly evaluate the nature of the offense or his character in imposing the sentence.

The revision of a sentence is authorized by the Indiana Constitution through Indiana Appellate Rule 7(B), which provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In determining the appropriateness of a sentence, a court of review may consider any factors appearing in the record. *Schumann v. State*, 900 N.E.2d 495, 497 (Ind. Ct. App. 2009). The "nature of the offense" portion of the appropriateness review begins with the advisory sentence. *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g by Anglemyer v. State*, 875 N.E.2d 218 (Ind. 2007); *Richardson v. State*, 906 N.E.2d 241, 247 (Ind. Ct. App. 2009). The "character of the offender" portion of the sentence review refers to general sentencing considerations and the relevant aggravating and mitigating circumstances. *Major v. State*, 873 N.E.2d 1120, 1130 (Ind. Ct. App. 2007), *trans. denied*. A defendant bears the burden of persuading us that his sentence is inappropriate in light of both the nature of the offense and his character. *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008). The weight assignable to

aggravating and mitigating circumstances is not subject to review for abuse of discretion. *Anglemyer*, 868 N.E.2d at 491.

Indiana Code section 35-50-2-7 provides that a person who commits a class D felony "shall be imprisoned for a fixed term of between six (6) months and three (3) years, with the advisory sentence being one and one-half (1 ½) years." As noted above, the "nature of the offense" analysis begins with the advisory sentence. Here, the trial court gave Payne the benefit of concurrent sentencing, and it imposed a total sentence that is less than the maximum for a single count of theft. Furthermore, the trial court suspended a portion of the sentence, and we may consider suspension in our Rule 7(B) analysis. *See Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010). Although there is nothing in Payne's one-day crime spree that warrants the imposition of the maximum three-year sentence for a single count, we cannot say that the manner in which the trial court structured the sentence upon all three counts involving three victims is inappropriate.

With reference to the nature of the offender, we note that Payne has repeated prior offenses, with some of the same nature and gravity as the present ones. His prior convictions include two counts of receiving stolen property (2010); forgery (2007); unauthorized entry of motor vehicle (2007); criminal trespass (2006); and public intoxication (2004). In addition, he had fraud and theft charges pending in another court at the time of his sentencing hearing. More importantly, Payne previously has been provided rehabilitative opportunities, including probation and re-entry court, and he

violated the conditions of these opportunities. At the time of the commission of the instant offenses, he was on parole. In addition, he was evaluated by the probation department and found to be a high risk to re-offend.

While we will not reweigh the trial court's assessment of the mitigating circumstances, we will independently examine those circumstances as they relate to Payne's claim of an inappropriate sentence. In exchange for his guilty plea, Payne received the substantial benefit of dismissal of the habitual offender charge. Therefore, the mitigating value of his plea is diminished. *See Wells v. State*, 836 N.E.2d 475, 479 (Ind. Ct. App. 2005) (holding that a guilty plea "does not rise to the level of significant mitigation where the defendant has received a substantial benefit from the plea"). As the trial court noted at the sentencing hearing, Payne's honorable discharge from the Marines was of diminished significance because he was incarcerated on a drug charge during that time. Finally, the most significant mitigator found by the court—the fact of Payne's four dependent children living with two mothers—is diminished in value because he reported no income in 2011. Thus, he was not supporting the children at the time of sentencing.

In short, there is nothing about the nature of the offenses and the character of the defender to indicate that the trial court imposed an inappropriate sentence.

Affirmed.

FRIEDLANDER, J., and BROWN, J., concur.