**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**KAREN M. HEARD**
Vanderburgh County Public
Defender's Office
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JONATHAN R. SICHTERMANN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

CORIYAHVON LAMONT OUTLAW,      )
                               )
    Appellant-Defendant,       )
                               )
        vs.              )    No. 82A04-1209-CR-454
                               )
STATE OF INDIANA,              )
                               )
    Appellee-Plaintiff.        )

APPEAL FROM THE VANDERBURGH CIRCUIT COURT
The Honorable Kelli E. Fink, Judge
Cause No. 82C01-1202-FD-204

**May 22, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SULLIVAN, Senior Judge**

Coriyahvon Lamont Outlaw appeals his sentence for unlawful possession of a legend drug, a Class D felony, and possession of marijuana, a Class A misdemeanor. We affirm.

On February 10, 2012, officers with the Vanderburgh County Sheriff's Office went to Outlaw's residence to serve a warrant for his arrest. They found him in a bedroom and told him he was under arrest. Outlaw, who was wearing only a pair of sweatpants, reached for another pair of pants and put his hands in the pockets. The officers took the pants and searched the pockets, where they discovered several pills. Subsequent testing revealed that some of the pills were Naproxen, a legend drug. In addition, the officers found 4.5 grams of marijuana next to Outlaw's coat in the bedroom.

The State charged Outlaw with unlawful possession of a legend drug and possession of marijuana. He pleaded guilty as charged without a plea agreement. The court sentenced Outlaw to an aggregate term of eighteen months, and this appeal followed.

Outlaw raises one issue, which we restate as: whether Outlaw's sentence is inappropriate. Although a trial court may have acted within its lawful discretion in imposing a sentence, article 7, sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Reid v. State, 876 N.E.2d 1114, 1116 (Ind. 2007). The defendant has the burden of persuading

2

us that the sentence is inappropriate. Id. We may look to any factors appearing in the record to conduct the examination. Schumann v. State, 900 N.E.2d 495, 497 (Ind. Ct. App. 2009).

The "nature of the offense" portion of the standard articulated in Appellate Rule 7(B) speaks to the statutory advisory sentence for the class of crimes to which the offense belongs. Our Supreme Court has noted that the advisory sentence is the "starting point" the General Assembly has selected as an appropriate sentence for the crime committed. Anglemyer v. State, 868 N.E.2d 482, 494 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218 (2007). However, this Court has held that although the advisory sentence may be the appropriate sentence, it is not a "mandatory starting point." Richardson v. State, 906 N.E.2d 241, 245 (Ind. Ct. App. 2009). For our purposes of review under Appellate Rule 7(B), we will first look to the advisory sentence to guide us in determining whether the sentence imposed is inappropriate given the nature of the offense and the character of the offender.

At the time Outlaw committed his crimes, the advisory sentence for a Class D felony was eighteen months, with a maximum sentence of three years and a minimum sentence of six months. Ind. Code § 35-50-2-7 (2005). The maximum sentence for a Class A misdemeanor was one year. Ind. Code § 35-50-3-2 (1977). The trial court sentenced Outlaw to eighteen months on the Class D felony and one year on the Class A misdemeanor, to be served concurrently for an aggregate term of eighteen months.

Our review of the nature of the offense reveals that Outlaw possessed several pills and marijuana. Outlaw asserts that we should take note that the crime did not cause or

3

threaten serious harm to persons or property pursuant to one of the mitigating factors described in Indiana Code section 35-38-1-7.1(b) (2008). We disagree. Those who abuse legend drugs and controlled substances can endanger their mental and physical health, with potentially grave consequences.

Our review of the character of the offender reveals that Outlaw, who was twenty years old at the time of sentencing, has a relatively lengthy criminal history for his age. As an adult, he has previously been convicted of strangulation, a Class D felony; theft, a Class D felony; domestic battery, a Class A misdemeanor; two counts of resisting law enforcement, both Class A misdemeanors; two counts of possession of marijuana, both Class A misdemeanors; two counts of conversion, both Class A misdemeanors; and false informing, a Class A misdemeanor. It reflects poorly on Outlaw that he has twice committed the offense of possessing marijuana and that he has accumulated so many criminal convictions in such a short span of time. Furthermore, Outlaw has been placed on probation twice and failed to successfully complete probation both times. He was on probation when he committed the current crimes.

As a juvenile, Outlaw committed acts that would have been considered Class A misdemeanor conversion, Class B misdemeanor disorderly conduct, and two counts of Class D felony theft, had they been committed by an adult.

Outlaw asserts that he is entitled to sentence revision due to his relatively young age. We disagree. Outlaw's criminal record demonstrates that despite repeated opportunities to reform, he has refused to comply with the law. On a related note, Outlaw claims that he is a good candidate for placement in a drug treatment program

4

rather than the Department of Correction. We cannot agree in light of his repeated failure to successfully complete probation.

Finally, Outlaw contends that he demonstrated acceptance of responsibility for his acts by pleading guilty without a plea agreement. When a defendant willingly pleads guilty, he extends a benefit to the State by avoiding a trial. Webb v. State, 941 N.E.2d 1082, 1089 (Ind. Ct. App. 2011), trans. denied. However, a guilty plea does not rise to the level of significant mitigation where the evidence against the defendant is such that the decision to plead guilty is merely a pragmatic one. Edrington v. State, 909 N.E.2d 1093, 1101 (Ind. Ct. App. 2009), trans. denied. In this case, the evidence of Outlaw's guilt was strong. In addition, at Outlaw's guilty plea hearing his attorney said, "[T]here was no issue for suppression of the evidence," and "trying this matter would be a losing battle." Tr. Vol. II, p. 21. We cannot conclude that Outlaw's guilty plea renders his sentence inappropriate.

Outlaw has failed to prove that his sentence is inappropriate in light of the nature of the offense and his character.

Affirmed.

VAIDIK, J., and BARNES, J., concur.