**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**THOMAS W. VANES**
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DUSTIN SCOTT STEVENSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1312-CR-494 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Thomas P. Stefaniak, Jr., Judge
Cause No. 45G04-1208-FB-77

**August 12, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Dustin Scott Stevenson (Stevenson), appeals the trial court's imposition of an eight-year sentence after pleading guilty to Count I, burglary, a Class B felony, Ind. Code § 35-43-2-1(1)(B)(i).

We affirm.

## ISSUE

Stevenson raises one issue on appeal which we restate as: Whether his sentence was appropriate in light of the nature of the offense and his character.

## FACTS AND PROCEDURAL HISTORY

On August 2, 2012, Stevenson entered the home of his neighbor, James Rydlewski, Jr. (Rydlewski), in Hobart, Indiana, without Rydlewski's permission. Stevenson used a key to gain entry, which he had received from Rydlewski's girlfriend. Stevenson took two shotguns and a crossbow from the home, for a total value of $1,850.00. Rydlewski discovered that his home had been burglarized and notified the Hobart Police Department. Hobart police officers subsequently conducted surveillance of the area and a neighbor reported that she had seen Stevenson carrying items wrapped in a blanket from Rydlewski's back yard. On August 3, 2012, after reviewing video surveillance provided by the neighbor, Detective Jeremy Ogden (Detective Ogden) and Officer Kenneth Williams (Officer Williams) of the Hobart Police Department went to Stevenson's home to question him.

While Detective Ogden and Officer Williams were at Stevenson's home, Stevenson gave them permission to search his vehicle and his bedroom. In his bedroom, Detective Ogden found a check, license, and social security card that belonged to Rydlewski. Stevenson was consequently placed under arrest and transported to the Hobart Police Department. Stevenson's mother, who owned the home, gave Officer Williams and Detective Ogden permission to search her home. The officers found the stock of a shotgun and a portion of a cut off barrel inside of the kitchen garbage can. They did not find the sawed off shotgun.

Officer Williams and Detective Ogden later returned to a neighbor's home that Stevenson had visited earlier in the day to inquire about a sawed-off shotgun. The officers learned that Stevenson had used the neighbor's tools to cut the barrel and stock off of a shotgun and subsequently found the sawed off shotgun hidden in the neighbor's garage. After telling the officers various accounts of the story, Stevenson ultimately admitted that he cut off the barrel and also broke into Rydlewski's home.

On August 4, 2012, the State charged Stevenson with Count I, burglary, a Class B felony, I.C. § 35-43-2-1(1)(B)(i); Count II, theft, a Class D felony, I.C. § 35-43-4-2; and Count III, dealing in a sawed-off shotgun, a Class D felony, I.C. § 35-47-5-4.1(a). Pursuant to a plea agreement, Stevenson pled guilty to Count I on October 11, 2013, and the State dismissed Counts II and II, as well as four unrelated pending misdemeanor charges under two different cause numbers. The agreement also capped the executed portion of his sentence to eight years but otherwise left imposition of the sentence up to

the trial court's discretion. On November 13, 2013, a sentencing hearing was held and the trial court identified the following aggravating factors: (1) Stevenson's juvenile and criminal history, which included adjudications and crimes in two states, intensive and deferred probations, and electronic monitoring; (2) Stevenson's need of correctional and rehabilitative treatment that would best be provided by commitment to a penal facility; and (3) prior leniency had not deterred Stevenson's criminal behavior. In mitigation, the trial court observed that Stevenson pled guilty and accepted responsibility for his crime, and Stevenson suffered from bipolar disorder; however, the trial court noted Stevenson's admission that he had not taken medication for his mental illness in ten years. Accordingly, the trial court imposed an eight-year sentence.

Stevenson now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Stevenson argues that his eight-year sentence is inappropriate. Our appellate court may revise a sentence if, "after due consideration of the trial court's decision, the court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). In determining the appropriateness of a sentence, we may look to any factors appearing in the record. *Schumann v. State*, 900 N.E.2d 495, 497 (Ind. Ct. App. 2009). However, the burden is on the defendant to persuade the appellate court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). When considering whether a sentence is inappropriate,

4

we give due consideration to the trial court's decision. *Allen v. State*, 925 N.E.2d 469, 481 (Ind. Ct. App. 2010), *trans. denied*.

Here, Stevenson pled guilty to burglary, a Class B felony, I.C. § 35-43-2-1(1)(B)(i), and the trial court sentenced him to the full eight years provided under the plea agreement. A person who commits a Class B felony shall be imprisoned for a fixed term of between six and twenty years, with the advisory sentence being ten years. I.C. § 35-50-2-5. When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Anglemyer v. State*, 868 N.E.2d 482, 488 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). Stevenson was sentenced to eight years, which is two years less than the advisory sentence for a Class B felony. *See* I.C. § 35-50-2-5.

The nature of the offense is that Stevenson used a key to break into his neighbor's home and took two shotguns and a crossbow from the residence. He subsequently illegally altered one of the guns by sawing part of the barrel off. The record also indicates that Stevenson stole the victim's driver's license, social security card, and a blank check, all of which were later found in Stevenson's bedroom. Stevenson claims that his crime is "standard" and less egregious than the average burglary because there was a lack of physical damage to the victim's residence. (Appellant's Br. p. 4). However, this does not lessen the severity of Stevenson's theft of weapons and clear attempt at identity theft. Furthermore, Stevenson's sentence is two years below the advisory sentence. "A defendant's conscious choice to enter a plea agreement that limits

the trial court's discretion to a sentence less than the statutory maximum should usually be understood as strong and persuasive evidence of sentence reasonableness and appropriateness." *Childress*, 848 N.E.2d at 1081 (Dickson, J., concurring). Stevenson did in fact receive a substantial benefit from his plea agreement. The State agreed to place an eight-year limit on his sentence which reduced his chances of receiving the ten-year advisory sentence or an aggravated sentence for his Class B felony pursuant to I.C. § 35-50-2-5. The State also agreed to dismiss the two Class D felony charges related to this instant case and four unrelated pending misdemeanor charges.

As to Stevenson's character, the record reveals that he has an extensive juvenile criminal history that began when he was only thirteen years old and includes adjudications for criminal recklessness, criminal trespass, consumption of alcohol, fleeing law enforcement, possession of marijuana, and evading law enforcement. As a juvenile, Stevenson was afforded ample rehabilitative opportunities, but all efforts failed. Following these juvenile offenses, Stevenson was given probation with community service work, probation, house arrest, and intensive probation with electronic monitoring.

As an adult, Stevenson continued his criminal lifestyle. His adult criminal charges include public intoxication, reckless driving and failure to stop at the scene of an accident, multiple incidents of battery, criminal mischief, public intoxication, and possession of marijuana. His criminal history is so extensive that the trial court stated it could not list every arrest or disposition because "there are too many." (Sent. Tr. p. 21). All sentences for his adult offenses have been short-term periods of incarceration,

6

probation, or other deferred prosecutions. In addition, we note that Stevenson moved to Texas for some period of time and was "going to school . . . [with] intentions to enter into the Marine Corp." (Hearing Tr. p. 13). However, instead of enlisting, he was convicted of aggravated assault with a deadly weapon while in Texas.

Since he began his current incarceration, Stevenson has had several jail violations, which include: (1) being found in the wrong cell—the record indicates this was the second time that he was in someone else's cell; (2) taking another inmate's medication; (3) refusing to obey the request of jail staff and/or disobeying jail rules; (4) battery or attempted battery on another inmate of the Lake County Jail; (5) tattooing or self-mutilation; (6) consumption or possession of alcohol; and (7) possession of contraband. All of these violations have occurred during the pendency of the current case and illustrate that Stevenson is unable to alter his pattern of criminal behavior.

Stevenson claims that his criminal history is due to his long-standing problem with substance abuse, which includes alcohol, marijuana, cocaine, Xanax, and heroin. On the contrary, this is not a favorable reflection of Stevenson's character because his admitted addiction serves as another illustration that he cannot live a law-abiding life. We further note that Stevenson had consumed Xanax pills and heroin the day of the instant offense. In sum, Stevenson's criminal history and most recent prison violations show that he is not a law-abiding citizen and has continued his life of crime despite the leniency and rehabilitative efforts that he was repeatedly afforded.

The trial court found that Stevenson's extensive criminal background and consistent rehabilitation failures, as well as the facts and circumstances of the instant case, warrant the maximum sentence allowed under his plea agreement, which is two years below the advisory sentence. Giving due consideration to the trial court's decision, we cannot say that Stevenson's sentence is inappropriate.

## CONCLUSION

Based on the foregoing, we conclude that Stevenson's sentence is not inappropriate in light of the nature of the offense and his character.

Affirmed.

MATHIAS, J. and CRONE, J. concur